IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARL COLDIRON,**

        **Plaintiff,**

   vs.                                       **Civil Action 2:08-CV-745**
                                                 **Judge Holschuh**
                                                 **Magistrate Judge King**

**JANE FARLEY,** *et al.*,

        **Defendants.**

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. § 1983, in which plaintiff, who is currently incarcerated at London Correctional Institute, alleges that defendant Jane Farley was deliberately indifferent to his medical needs and that defendants Karen Smith and DeCarlo Blackwell[1] were deliberately indifferent because they did not investigate his complaints regarding Defendant Farley's behavior. Plaintiff also alleges that Defendant Farley changed his medication in retaliation for filing a prior lawsuit against her. This matter is before the Court on several pending motions.

**I.    PLAINTIFF'S *REQUEST FOR LEAVE TO REQUEST MORE THAN 25 INTERROGATORIES FROM THE DEFENDANT*, Doc. No. 15**

Plaintiff seeks leave to request "no more than 35 questions/interrogatories from Defendant Farley." Doc. No. 15.

Fed. R. Civ. P. 33(a)(1) provides that "[u]nless otherwise

---

[1]Defendant Farley is a physician working within the Ohio Department of Rehabilitation and Correction ("ODRC"); Defendant Smith is a healthcare administrator working at London Correctional Institution ("LCI"); and Defendant Blackwell is LCI's institutional inspector. *Complaint*, pp. 2-3, Doc. No. 4.

stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."  A court has discretion to permit additional interrogatories in accordance with Fed. R. Civ. P. 26(b)(2).  *Id*.  However, Fed. R. Civ. P. 26(b)(2)(C) requires a court to limit discovery if (1) the requested discovery is unreasonably cumulative or duplicative or can be obtained from a more convenient or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense outweighs the likely benefit of the discovery.  Leave to serve additional interrogatories has been denied where the requesting party failed to make "a particularized showing why the additional discovery is necessary."  *King v. Butler Mfg. Co.*, No. 07-1165, 2008 U.S. Dist. LEXIS 64925, at *2 (W.D. Tenn. July 30, 2008).

Here, plaintiff has not explained why he requires additional interrogatories.  "Thus, the Court cannot determine whether further interrogatories are necessary or whether they would impose an undue burden on the Defendants under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure."  *King*, 2008 U.S. Dist. LEXIS 64925, at *3.  Accordingly, plaintiff's request to serve more than 25 interrogatories on Defendant Farley, Doc. No. 15, is **DENIED**.

II.  **PLAINTIFF'S *REQUEST FOR LEAVE TO AMEND COMPLAINT*, Doc. No. 40**

Plaintiff seeks leave to amend the *Complaint*, Doc. No. 4, because since its filing, "there have been two to three more incidences of retaliation by Defendant Farley and more acts of deliberate indifference to the Plaintiffs [*sic*] medical needs."  Doc. No. 40, p.

1. Plaintiff argues that defendants will not be prejudiced if he amends his *Complaint*. Plaintiff threatens that the "bottom line [is] if this court doesn't allow this request to amend, then the Plaintiff will simply file a third[2] § 1983 Complaint against the Defendant Farley to allege these new incidences of retaliation and acts of deliberate indifference[.]" *Id*. Plaintiff further argues that the Court's denial of this requested amendment "would be an injustice for the tax payers" because the Ohio Attorney General will have to appoint a third assistant attorney general to represent Defendant Farley in a third lawsuit. *Id*. at 2.

Defendants oppose plaintiff's request, arguing that plaintiff's motion for leave to amend is defective because it fails to attach the proposed amended complaint. Doc. No. 42, p. 2. Defendants contend that this failure is fatal because the Court cannot evaluate the merits of the proposed amendment to determine if (1) in the interest of justice, it should grant relief; (2) if plaintiff has exhausted his administrative remedies; and (3) if the amendment would be futile. *Id*.

Defendants' argument is well-taken. Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), the grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen'l*

---

[2]As plaintiff highlights, he has previously sued Defendant Farley in this Court. *See Coldiron v. Farley*, Case No. 07-cv-1077. Judgment in favor of the defendants was granted on February 18, 2009, Doc. Nos. 82 and 83, and a request to alter the judgment was denied on April 16, 2009. *Order*, Doc. No. 87.

*Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

Here, plaintiff does not attach a copy of the proposed amended complaint or otherwise identify these unspecified acts of retaliation and acts of deliberate indifference. Plaintiff's threats to file a separate litigation if the Court does not grant him leave to file an amended complaint is, at best, inappropriate and does not serve as a proper basis for granting leave to amend. As defendants point out, without a proposed amended complaint, there is no way for this Court to determine if granting leave is appropriate, *i.e.*, in the interest of justice. In addition, there is no indication whether plaintiff exhausted his administrative remedies as to these claims or if the proposed amendment would be futile. Accordingly, plaintiff's request to file an amended complaint, Doc. No. 40, is **DENIED without prejudice**.

**III. PLAINTIFF'S MOTIONS TO COMPEL, Doc. Nos. 21, 27, 28, 45 AND** *MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM OR REQUEST FOR*

***AN ORDER TO ALLOW PLAINTIFF TO BE PRESENT DURING INSPECTION**, Doc. No. 48, **MOTION TO COMPEL ATTENDANCE OF INCARCERATED INMATE**, Doc. No. 52*

A.   Background

Plaintiff, an inmate at LCI, obtained two pills (Ultram, a narcotic painkiller) from Inmate Health Services ("IHS") for his back pain. *Complaint*, p. 4. Instead of immediately swallowing the pills, plaintiff hid them in his sock so that he could use the pills later in the day when he experienced back pain. *Id.* He was placed in segregation after the two pills were found hidden in his sock. *Id*. When Defendant Farley learned of this incident, she took him off the pain medication. *Id*. At a later appointment with Defendant Farley, plaintiff requested pain medication, but that request was denied. *Id*. at 5-6. Specifically, plaintiff alleges that Defendant Farley informed him: "No, your [*sic*] not getting any pain medication, you cheeked [*i.e.*, hid] your meds., I can be as mean to you back here as I want to be." *Id*. at 5. Plaintiff also alleges that he filed an informal complaint with Defendant Smith regarding this alleged encounter with Defendant Farley, but that Defendant Smith did not investigate plaintiff's complaint. *Id*. at 7-9. Plaintiff further alleges that he filed a grievance with Defendant Blackwell, which was likewise ignored. *Id*. at 10-12. Plaintiff also alleges that Defendant Farley retaliated against him by withholding his pain medication because he previously filed a lawsuit against her. *Id*. at 13-14.

In October, November and December of 2008, plaintiff served two sets of requests for production of documents and interrogatories to be

answered by each individual defendant. *See* Doc. Nos. 13, 14, 16, 17, 18 and 19. When plaintiff did not receive all the requested information and communication between plaintiff and defendants' counsel failed, plaintiff filed the first of his motions to compel. Doc. No. 21.

**B.    Standard**

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper response to interrogatories under Rule 33 or requests for production of documents under Rule 34. Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

In addition, the motion to compel discovery must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the request. Fed. R. Civ. P. 37(a)(1). All but one of the motions to compel satisfy this requirement. Doc. Nos. 21, 27, 28, 45 and 52.[3]

**C.   Discussion**

The parties' discovery dispute spans several different requests. The Court will address each request in turn.

> **1.   Plaintiff's Medical Records (Request No. 1, First Request for Production of Documents)**

Plaintiff seeks to compel production of his "complete medical file located at London Correctional Institution." Request No. 1, *Plaintiffs [sic] First Request for Production of Documents Request to Inspect and Copy*, Doc. No. 13 ("*First Request for Production*"); Doc. No. 21. On December 11, 2008, defendants' counsel, after denying receipt of this request, advised plaintiff that "[i]n accordance with ODRC Policy 07-ORD-11 and O.R.C. § 5120.21 you will be permitted to review and receive copies of your medical file at the institution." Exhibit 1, attached to Doc. No. 27. In response, plaintiff filed his second motion to compel. Doc. No. 27. Thereafter, plaintiff inspected his medical file on December 31, 2008, but he alleges that he was prohibited from making copies of any documents in that file. Doc. No. 28. Accordingly, plaintiff filed his third motion to compel production of his medical records. *Id*. In response, defendants produced to plaintiff a partial copy of his medical record on January

---

[3]Plaintiff's *Motion to Compel Attendance of Incarcerated Inmate*, Doc. No. 52, does not attach a certification.

20, 2009, including those dates referenced in the *Complaint* "as well as the months preceding and subsequent to those dates." Exhibit 2, attached to Doc. No. 31. However, plaintiff complains that he still seeks records from October 1, 2007 to the present.[4] Doc. No. 45. Plaintiff asks that this Court permit him to inspect and copy the relevant medical records. Doc. Nos. 48, 50 and 52.

Defendants oppose plaintiff's requests, arguing that such requests are moot because defendants have twice complied with plaintiff's request for production of his medical file. Doc. No. 49. Specifically, defendants contend that they explained to plaintiff on December 11, 2008, the procedure to be followed for inspection and copying of his medical file, but that plaintiff failed to take advantage of this opportunity. *Id*. (citing Exhibit 1, attached thereto). Defendants also point out that they copied "Plaintiff's medical file for him and sent him a copy." *Id*. (citing Exhibit 2, attached thereto). Finally, defendants advised plaintiff on April 2, 2009, "on precisely how he can access his medical record on an ongoing basis." *Id*. (citing Exhibit 3, attached thereto). Plaintiff disputes defendants' account, contending that he has followed the procedure proffered by defendants and has still been denied copies of his complete medical record, forcing him to subpoena LCI's medical department for the records. Doc. Nos. 50, 52.

Based on the present record, the Court cannot determine with confidence whether plaintiff has received, or has been granted access to, his complete medical file for inspection and copying. Other than

---

[4]Plaintiff initially complained that he had not received any records beyond June 2008. Doc. No. 34.

insisting that his complete record is available to plaintiff, defendants have offered no other objection to this request. *See* Doc. Nos. 31, 49.

The Court concludes that these records are reasonably calculated to lead to the discovery of admissible evidence and are therefore proper subjects of discovery. *See* Fed. R. Civ. P. 26(b). Accordingly, to the extent that it seeks to compel production of a complete copy of his medical records at LCI, plaintiff's motion to compel, Doc. No. 21, is **GRANTED**. Within ten (10) days from the date of this *Opinion and Order*, counsel for defendants shall document production to plaintiff, for plaintiff's inspection and copying, plaintiff's LCI medical records from October 1, 2007 to the present.

In light of the foregoing, to the extent that these motions seek plaintiff's complete medical records (or seek leave for plaintiff's attendance at the inspection and copying of such records), plaintiff's motions, Doc. Nos. 27, 28, 45, 48 and 52 are **DENIED as moot**.

> 2. **Documents Relating to Defendant Farley, Doctor Ikeena Nzeogu and "Nurse Practitioner McDowell" (Request No. 2, First Request for Production of Documents)**

Plaintiff seeks to compel (1) "[a]ny contract that Doctor Nzeogu, Doctor Farley/Morford, Nurse Practitioner Mcdowell [*sic*] may have with the O.D.R.C., as well as a copy of their medical license and current home address[.]" Request No. 2, *First Request for Production*; Doc. No. 21. Plaintiff explains that he seeks this information "so that subpoenas may issue for trial" for these individuals who have personal information regarding the acts alleged in the *Complaint*. Doc. No. 34, pp. 2-3. Defendants responded to plaintiffs' request on December 11,

2008, refusing to provide copies of the requested documents "pursuant to security concerns." Exhibit 1, attached to Doc. No. 31. Defendants stand by this objection. Doc. No. 31.

Plaintiff's only stated justification for this information is that he will need to subpoena these individuals for trial. However, it is presently unclear whether or not a trial will occur in this case. Accordingly, to the extent that plaintiff's motions seek production of contracts between ODRC and Doctor Nzeogu, Defendant Farley and Ms. McDowell, plaintiff's motions to compel, Doc. Nos. 21, 45, are **DENIED without prejudice to renewal** in the event that a trial is scheduled in this case.

> **3. Copies of all informal complaints, grievances and appeals to the chief inspector filed by plaintiff from October 1, 2007 to the present (Request No. 3, *First Request for Production*)**

Plaintiff seeks an order compelling copies of all informal complaints, grievances and appeals to the chief inspector filed by him for the period October 1, 2007, to the present. Request No. 3, *First Request for Production*; Doc. No. 21. On December 11, 2008, defendants responded that they needed additional time (30 days) to produce this information. Exhibit 1, attached to Doc. No. 31. However, on January 29, 2009, plaintiff complained that he still had not received these documents. Doc. No. 34, p. 4.

Defendants do not appear to dispute the relevance of the requested documents, having previously agreed to produce the information. However, the Court is unable, on the record presently before it, to determine whether this request remains the subject of dispute. Accordingly, to the extent that it seeks copies of all

10

informal complaints, grievances and appeals to the chief inspector filed by plaintiff for the period October 1, 2007, to the present, plaintiff's motion, Doc. No. 21, is **GRANTED**. Within ten (10) days from the date of this *Opinion and Order*, counsel for defendants shall document production of this information.

### 4. Information regarding Nurse Michelle Gray (Request No. 4, *First Request for Production*)

Plaintiff seeks to compel Michelle Gray's "current location in the O.D.R.C." and asks defendants to "confirm" that Ms. Gray "is at Marysville prison working as a nurse." Request No. 4, *First Request for Production*; Doc. No. 21. Plaintiff also seeks Ms. Gray's home address. *Id*. Defendants responded to this request on December 11, 2008, stating that the request was actually "an interrogatory and no document exists to comply with this request." Exhibit 1, attached to Doc. No. 31. Defendants stand by this response. Doc. No. 31.

Defendants have responded to this document request.[5] Accordingly, to the extent that they seek production of documents related to Ms. Gray, plaintiff's motions to compel, Doc. Nos. 21 and 45, are **DENIED**.

### 5. Training manuals (Request No. 5, *First Request for Production*)

Plaintiff seeks to compel "[a]ny training manual that the Defendants may have had to go through in order to work for O.D.R.C.

---

[5]As defendants properly note, this request would perhaps be better made in an interrogatory. However, its relevance is not apparent to the Court. *See* Fed. R. Civ. P. 26(b)(1).

11

Any training material that the defendants may have had to read in order to work in the medical department of the London Correctional institution [*sic*] or the institution in general." Request No. 5, *First Request for Production*; Doc. No. 21. On December 11, 2008, defendants initially responded that they would need additional time to comply with this request. Exhibit 1, attached to Doc. No. 31. On March 24, 2009, plaintiff apparently narrowed the scope of this request in yet another motion to compel, stating that he sought "copies of any training material that the defendant [Farley] had to review or train by in order to work as a prison doctor. She never sent me this at all." Doc. No. 45, p. 2. In response to this motion to compel, defendants represented that "[n]o such document exists." Doc. No. 49, p. 4. The Court can compel nothing more. Accordingly, to the extent that they seek to compel copies of training manuals, plaintiff's motions, Doc. Nos. 21 and 45, are **DENIED**.

### 6. Interrogatory No. 8, First Set of Interrogatories directed to Defendant Farley

Plaintiff seeks to compel Defendant Farley's response to Interrogatory No. 8, which asks, "Would you say that a person with Carl Coldiron's medical condition that he has a need for pain medication? If so, what do you think is an adequate pain medication to relieve his chronic back pain?" Exhibit 11, attached to Doc. No. 45. Defendant Farley objected to this interrogatory as overbroad and vague. *Id*.

This Court disagrees. Interrogatory No. 8 is specifically limited to plaintiff's precise condition, about which Defendant Farley may have personal knowledge. Accordingly, to the extent that it

12

seeks to compel an answer to Interrogatory No. 8 directed to Defendant Farley, plaintiff's motion to compel, Doc. No. 45, is **GRANTED**. Within ten (10) days from the date of this *Opinion and Order*, counsel for defendants shall confirm that Defendant Farley has responded to this interrogatory.

### 7. Interrogatory No. 12, First Set of Interrogatories directed to Defendant Farley

Plaintiff seeks to compel Defendant Farley's response to Interrogatory No. 12, which asks, "How do you feel about Carol [*sic*] Coldiron going above your head to Doctor Ikeena Nzeogu to get his cane back in which you took from him on 08-08-2007? (Please explain any and all feeling that you may have!)" Exhibit 11, attached to Doc. No. 45. Defendant Farley objected to this interrogatory based on relevance, stating that "[t]his date involves a different lawsuit filed by you and currently pending." *Id*. This Court agrees that the date identified in this interrogatory is unrelated to the issues in the current litigation. The *Complaint* specifically focuses on alleged incidents occurring between December 2, 2007 and June 28, 2008. *Complaint*, p. 2. Accordingly, to the extent that it seeks to compel response to Interrogatory No. 12 directed to Defendant Farley, plaintiff's motion to compel, Doc. No. 45, is **DENIED**.

### 8. Interrogatory No. 13, First Set of Interrogatories directed to Defendant Farley

Plaintiff seeks to compel Defendant Farley's response to Interrogatory No. 13, which asks,

> In September around the 7th day of 2008, Carl Coldiron went above your head to Doctor Ikeena Nzeogu to get his pain

13

medication back that you took from him on or around the 3rd of December of 2007. After Doctor Ikeena re-issued Carl Coldiron this pain medication, why did you a week later go into Carl Coldiron's medical file and cancel the order? Were you trying to get back at Coldiron for filing a lawsuit against you or going above your head to Doctor Ikeena Nzeogu or for writing informal complaints against you?

Exhibit 11, attached to Doc. No. 45. Defendant Farley objected to this interrogatory, stating that it was "[o]verbroad and vague. Without waiving, your order was canceled for misuse of medication, not in retaliation. This is standard." *Id*.

Defendant Farley has answered this interrogatory. The Court can compel nothing more. Accordingly, to the extent that it seeks to compel response to Interrogatory No. 13 directed to Defendant Farley, plaintiff's motion to compel, Doc. No. 45, is **DENIED**.

### 9. Certification related to Defendant Smith's answers to interrogatories

On or about November 30, 2008, plaintiff served interrogatories directed to Defendant Smith. Doc. No. 19, 20. When Defendant Smith failed to respond, plaintiff moved to compel her answers. Doc. No. 45, p. 3. In response, defendants noted that they previously explained to plaintiff that Defendant Smith "has been unavailable due to a medical leave of absence. Ms. Smith is still on an extended medical leave." Doc. No. 49, p. 4. Defendants apologized for the delay and served Defendant Smith's answers on plaintiff on April 2, 2009. *Id*. However, when no certification was attached to these answers, plaintiff moved for an order compelling a certification from Defendant Smith. Exhibit 1, attached to Doc. No. 50.

Fed. R. Civ. P. 33(b)(3) provides that each interrogatory must be answered "under oath." Based on the record presently before it, the

14

Court concludes that there is no evidence that Defendant Smith answered the interrogatories under oath. Accordingly, to the extent that it seeks to compel a certification from Defendant Smith, plaintiff's motion to compel, Doc. No. 45, is **GRANTED**. Within ten (10) days of the date of this *Opinion and Order*, counsel for defendants shall confirm that a certification signed by Defendant Smith has been provided to plaintiff.

### 10. Second set of interrogatories directed to defendant Farley

On about January 26, 2009, plaintiff served a second set of interrogatories on Defendant Farley. Doc. No. 39; Exhibit 10, attached to Doc. No. 45. Plaintiff complains that Defendant Farley never responded to these interrogatories. Doc. No. 45, p. 2. In their response to plaintiff's motion to compel these answers, defendants do not specifically state whether or not Defendant Farley has responded to these interrogatories. Doc. No. 49. Accordingly, to the extent that it seeks to compel answers to the second set of interrogatories directed to Defendant Farley, plaintiff's motion to compel, Doc. No. 45, is **GRANTED**. Within ten (10) days of the date of this *Opinion and Order*, counsel for defendants shall confirm that Defendant Farley has responded to these interrogatories.

### 11. Second request for production of documents

Plaintiff served a second request for production of documents on December 15, 2008. Doc. Nos. 23, 24. Plaintiff complains that defendants never responded to these document requests. Doc. No. 45, p. 2. In their response to plaintiff's motion to compel these responses, defendants do not specifically state whether or not they

have responded to plaintiff's second set of document requests. Doc. No. 49. Accordingly, to the extent that it seeks to compel response to plaintiff's second request for production of documents, plaintiff's motion to compel, Doc. No. 45, is **GRANTED**. Within ten (10) days of the date of this *Opinion and Order*, counsel for defendants shall confirm that defendants have responded to these document requests.

**WHEREUPON**, plaintiff's motions to amend and discovery motions are **GRANTED** and **DENIED** consistent with the foregoing. The Clerk shall remove Doc. Nos. 15, 21, 27, 28, 40, 45, 48 and 52 from the Court's pending motions list.

July 14, 2009            *s/Norah McCann King*
                          Norah M<sup>c</sup>Cann King
                          United States Magistrate Judge