```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION
```

**CARL COLDIRON,**

        Plaintiff,

  vs.                                      Civil Action 2:08-CV-745
                                              Judge Holschuh
                                              Magistrate Judge King

**JANE FARLEY,** *et al.*,

        Defendants.

<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

This is a civil rights action under 42 U.S.C. §1983 in which plaintiff, a state inmate incarcerated at the London Correctional Institution ["LoCI"], complains that defendant Jane Farley, M.D., a physician at LoCI who is now known as Jane Morford, refused to continue to prescribe pain medication for plaintiff. Plaintiff alleges that, in doing so, this defendant was deliberately indifferent to plaintiff's medical needs and retaliated against plaintiff because plaintiff had previously filed a lawsuit against her. Plaintiff also alleges that defendant Karen Smith, a health care administrator at LoCI, and DeCarlo Blackwell, LoCI's institutional inspector, were deliberately indifferent to plaintiff because they did not investigate his complaints regarding defendant Morford. *Complaint,* Doc. No. 4. This matter is now before the Court on plaintiff's request for an order requiring LoCI to comply with a subpoena issued by plaintiff, Doc. No. 59, and on defendants' motion for summary judgment, Doc. No. 54.

**Request for an Order Requiring Non-Party Witness to Comply with Subpoena, Doc. No. 59.**

On July 13, 2009, plaintiff filed a motion asking this Court to order LoCI to comply with a subpoena issued by him seeking production of, *inter alia*, plaintiff's complete medical file. Doc. No. 59, *Exhibit 2*, p.3. However, it appears that the subpoena was not served in conformity with F.R. Civ. P. 45, which requires that service of a subpoena be made by "delivering a copy of it to the named person . . . ." F.R. Civ. P. 45(b)(1). Instead, the documents submitted by plaintiff indicate that service of the subpoena was made by "Regular U.S. Mail." Doc. No. 59, p.2. Because plaintiff has not complied with the rules governing the issuance of subpoenas, that subpoena cannot be enforced. In any event, however, defendants have represented that they have produced to plaintiff his "medical records as requested by Plaintiff; ..." *Defendants' Notice of Service of Discovery Responses,* Doc. No. 64. Under all these circumstances, plaintiff's motion, Doc. No. 59, is **DENIED.**

**Defendants' Motion for Summary Judgment, Doc. No. 54.**

Plaintiff alleges that all three defendants were deliberately indifferent to plaintiff's medical needs and that defendant Morford also retaliated against plaintiff because he had previously filed a lawsuit against her. Defendants now move for summary judgment on all those claims.

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure,

which provides in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). In determining whether there exists a genuine issue of material fact, the Court must view the evidence in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Catrett,* 477 U.S. at 323. Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995)("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to

resolve the difference at trial"). "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Glover v. Speedway Super Am. LLC,* 284 F.Supp.2d 858, 862 (S.D. Ohio 2003)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-moving party "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover,* 284 F.Supp. 2d at 862 (citing *InteRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id.*

**Defendant Morford**

    **A. Denial of Medical Care**

        **1. Standard**

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. at 103-04. Prison officials are liable if they know of and disregard "an excessive risk to inmate health or safety;

4

the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Mere negligence does not constitute deliberate indifference. *See Estelle,* 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle,* 429 U.S. at 107-08; *Westlake v. Lucas,* 537 F.2d 857, 860 n.5 (6th Cir. 1976).

A prison official does not act with deliberate indifference unless the official both knows of and disregards an excessive risk to inmate safety or health. The official must be aware of the facts from which she could draw the inference that a substantial risk of serious harm exists, and she must also draw the inference. *Cairelli v. Vakilian,* 80 Fed. Appx. 979 (6th Cir. 2003). "An official's failure to alleviate a significant risk that [s]he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Estelle,* 429 U.S. at 838.

**2. Discussion**

In his complaint, plaintiff alleges that defendant Morford had prescribed Ultram for plaintiff's back pain but that plaintiff was placed in segregation at LoCI "after he was found with two of his pain pills in his sock." *Complaint,* p. 5. Plaintiff "was immediately taken off of the pain medication" by defendant Morford. *Id.* Although plaintiff argues that different procedures could have been followed,[1] when he sought a refill of his pain medication defendant Farley

---

[1] For example, plaintiff asserts that the administering nurses could have been directed to crush the medication to prevent hoarding of the medication by plaintiff. *Complaint*, pp.5-6.

5

told him, "No, you're not getting any pain medication, you cheek[2] your meds. I can be as mean to you back here as I want to be." *Id.*, p.6. Plaintiff also complains that defendant Morford reduced his dosage of a muscle relaxant. *Id.*, p.7.

In February 2008, following his release from segregation in connection with his improper disposition of his pain medication, plaintiff sought pain medication from a nurse practitioner who advised him that defendant Morford had directed that plaintiff was not to receive pain medication. *Id.* However, the nurse practitioner did increase plaintiff's muscle relaxer. *Id.*

In her declaration submitted in support of the motion for summary judgment, defendant Morford avers that she was a contract physician with the Ohio Department of Rehabilitation and Correction ["ODRC"] serving as Chief Medical Officer of Inmate Health Services at LoCI during the time period at issue in this case. *Morford Declaration*, ¶4. In that capacity, Dr. Morford was one of the custodians of inmate medical records. *Id.,* ¶6. Attached to her declaration are "true and exact copies of pages from the medical record of Inmate Coldiron." *Id.*

According to Dr. Morford, plaintiff had been prescribed Ultram, which she describes as a narcotic pain medication, in connection with his back condition. *Id.,* ¶7. In November 2007, after plaintiff had been found not to have swallowed the medication immediately upon administration, Dr. Morford switched his pain medication to a "non-narcotic pain medication." *Id.,* ¶8. She prescribed Baclofen, a muscle

---

[2]Plaintiff alleges in the complaint that "it is common for inmates in the institution to ["cheek" medication] "so they could sell them and make money or in the Plaintiff's case, keep them for a later time, ..." *Complaint*, p.5.

relaxant, and Tylenol. *Id.*, ¶9. According to Dr. Morford, this combination "is an appropriate treatment for back pain." *Id.,* ¶10. Defendant Morford also directed that plaintiff was not to be provided Ultram because of his misuse of the medication. *Id.,* ¶11.

The exhibits attached to defendant Morford's declaration, including physician's orders and records documenting the administration of medications, support defendant Morford's assertions. *Plaintiff's Medical Files*, Doc. No. 54-2. According to those records, plaintiff was prescribed Ultram and Baclofen on November 9, 2007, and again on November 27, 2007. *Id.,* p.7. Thereafter, no more Ultram or narcotics were to be prescribed "due to misus[e]." *Id.* However, plaintiff was prescribed and received Tylenol and Baclofen. *See, e.g., id.,* pp.5,6, 27, 35, 40.

In response to the motion for summary judgment, plaintiff disputes virtually every factual assertion made by any defendant. For example, and notwithstanding his own allegation to the contrary made in the complaint, plaintiff states that "in November 2007, I was not found to not have swallowed immediately the Ultrams that I was given. I refute this fact." *Declaration of Carl T. Coldiron*, ¶4, *Exhibit 1*, attached to *Plaintiff's Supplemental Motion and Memorandum in Opposition to Defendants' Motion for Summary Judgment*, Doc. No. 63.[3] Plaintiff also disputes that he was provided Tylenol or "another non-narcotic kind of medication." *Id.,* ¶11. Indeed, plaintiff denies, in conclusory fashion, that the medical records submitted in support of the motion for summary judgment "are true and exact copies of" plaintiff's medical file. *Id.,*

---

[3]Plaintiff also states in his memorandum in opposition to the motion for summary judgment that he "was found with two pills in his possession in November of 2007." Doc. No. 63, p.2.

¶3. Moreover, plaintiff disagrees that the treatment provided him was appropriate medical treatment for his back pain. *Id.,* ¶17: "The muscle relaxer Baclofen without any other pain medication is not an appropriate treatment for Coldiron's chronic back pain. Lowering the Baclofen from 20 to 10 mg. is not an appropriate treatment for Coldiron's back condition."

This Court concludes that plaintiff has pointed to no genuine issue of material fact and that defendant Morford is entitled to summary judgment as a matter of law on plaintiff's claim of deliberate indifference. Defendant Morford has properly authenticated plaintiff's medical record and plaintiff has alleged no fact in support of his conclusory assertion that those medical records are "fraudulent." *See Id.,* ¶3. Similarly, plaintiff offers no facts – based upon his own personal knowledge – even suggesting that the facts presented by defendant Morford in her declaration are inaccurate. Moreover, plaintiff is simply not qualified to pass judgment on the appropriateness of the medical treatment provided him.

It is clear to this Court that plaintiff received extensive medical treatment, including pain medication, that a qualified medical expert, Dr. Morford, asserts was appropriate. Plaintiff refers to no admissible or competent evidence that controverts these essential facts. Under these circumstances, it cannot be said that defendant Morford was deliberately indifferent to plaintiff's serious medical needs. Defendant Morford is entitled to summary judgment on this claim.

**B. Retaliation**

**1. Standard**

Prison officials may not retaliate for a prisoner's exercise of his First Amendment rights. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In order to prevail on a claim of First Amendment retaliation, an inmate must establish that he engaged in protected conduct, that the defendant took an adverse action against the plaintiff and that the adverse action was taken because of the exercise of the protected conduct. *Id.* In order to constitute an adverse action, the prison official's actions must have deterred a person of ordinary firmness from engaging in the protected activity. *Id.* at 394.

**2. Discussion**

Plaintiff alleges in this action that defendant Morford retaliated against him for having previously filed a lawsuit against her. On October 18, 2007, plaintiff filed a complaint for monetary damages against this same defendant, asserting claims of deliberate indifference in connection with plaintiff's use of a cane and retaliation for having filed a prison grievance against a corrections officer. *Coldiron v. Farley,* 2:07-cv-1077 (S.D. Ohio). In November 2007, plaintiff was disciplined in connection with his misuse of medication and defendant thereafter discontinued that medication. Plaintiff initiated this action on August 1, 2008.

Plaintiff had a First Amendment right to pursue his claims against defendant Morford. *See Cruz v. Beto,* 405 U.S. 319, 321 (1972)(inmates have the constitutional right to access the courts to present their complaints). However, for the reasons stated *supra,* this Court has found that plaintiff did not suffer an adverse action for having exercised his rights because he was not in fact denied appropriate

medical care. Because plaintiff has not established his claim of retaliation, this Court concludes that defendant Morford is entitled to summary judgment on this claim.

**Defendants Smith and Blackwell**

    **Discussion**

Plaintiff alleges that defendant Smith was deliberately indifferent to plaintiff's serious medical needs when she failed to "investigate the allegations" against defendant Morford in response to plaintiff's informal complaint against the defendant doctor. *Complaint*, p.9.[4] Plaintiff also complains that defendant Blackwell was deliberately indifferent to plaintiff's serious medical needs when, after receiving plaintiff's grievance about defendant Morford, he performed no investigation and did not take corrective action. *Complaint,* p.11. Plaintiff's claims against these defendants are grounded essentially in his dissatisfaction with their responses to his complaints and grievances against defendant Morford. However, there is no constitutionally protected due process right to prison grievance procedures. *Walker v. Michigan Dept. of Corrections,* 128 Fed. Appx. 441, **3, 2005 WL 742743, **3 (6th Cir. April 1, 2005). In any event, and notwithstanding his assertion that these defendants failed to investigate his grievances, plaintiff's own allegations belie that assertion. Finally, neither defendant Smith nor defendant Blackwell, who are not alleged to have medical degrees, had any authority to countermand defendant Morford's medical judgment by directing the administration of plaintiff's preferred

---

[4]Plaintiff's own complaint, however, would appear to controvert this allegation: "The Defendant Smith's Exact response is as follows: 'you have been seen 2/19/08, 2/5/08, 1/3/07, 12/15/07, 1/22/07 and 11/26/07. Dr. Farley is the Medical Director, she makes decisions based on the circumstances.'" *Complaint,* p.9.

10

pain medication. It therefore cannot be said that either of these defendants was deliberately indifferent to plaintiff's serious medical needs. Defendants Smith and Blackwell are also entitled to summary judgment on plaintiff's claims against them.

**WHEREUPON** plaintiff's *Request for an Order Requiring Non-Party Witness to Comply with Subpoena*, Doc. No. 59, is **DENIED.**

It is **RECOMMENDED** that defendants' motion for summary judgment, Doc. No. 54, be **GRANTED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 11, 2010          *s/Norah McCann King*
                                           Norah McCann King

United States Magistrate Judge